### THELMA SHIPP v. THE STATE.

#### No. 5327.   Decided February 26, 1919.

**1.—Receiving Stolen Property—Complaint—Information—Name of Party.**

Where it was shown in the motion in arrest of judgment that the complaint and information will not sustain the conviction, for the reason that it was

known before their filing that defendant had received the goods from H. M., and that therefore the allegation that he received the same from persons unknown was fatal to the complaint and information, and the motion being sustained by proper evidence, the judgment must be reversed and the cause remanded.

**2.—Same—Complaint—Name of Party.**
    Where the complaint failed to allege that defendant received stolen property from anyone, known or unknown, the same was fatally defective.    Following Jorasco v. State, 6 Texas Crim. App., 238, and other cases.

Appeal from the County Court of Tarrant.    Tried below before the Hon. Jesse M. Brown.

Appeal from a conviction of receiving and concealing stolen property; penalty, twelve months confinement in the county jail.

The opinion states the case.

*R. H. Smith,* for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.—Cited cases in the opinion.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged by complaint and information in the first count with theft, and in the second with receiving and concealing stolen property.    The case was submitted on the second count, and conviction occurred under it.

Omitting formal parts, the complaint and information charge that appellant "did then and there unlawfully and fraudulently receive and conceal certain corporeal property, towit: two pair shoes, the same then and there being the property of and belonging to G. B. Goodspeed, and being then and there of the value of $25.00, and which said property had theretofore been acquired by some person to this affiant unknown in such manner as that the acquisition of the same comes within the meaning of the term theft; the said Thelma Shipp then and there well knowing the same to have been so acquired, at the time he received and concealed the same aforesaid, against the peace and dignity of the State."

It is unnecessary to notice but one question, and incidentally another as presented by the record.    In the motion in arrest of judgment the question is raised that the complaint and information will not sustain the conviction for the reason that it was known before the filing of the complaint and information that appellant had received the goods from Harold Miller, therefore the allegation alleging a receipt from unknown persons was fatal to the affidavit and information.    The complaint is signed and sworn to by L. T. Ladd.    We are of opinion that the contention of appellant is sustained by the record.    It is shown by the defendant's testimony that he was close to Harold Miller when Miller was arrested by the police, but was not aware why he was arrested. Ascertaining subsequently that he was arrested with reference to the shoes in question, and officers were looking for him, appellant went to

the city hall and saw the officers and told them about the shoes. "I told them that they would find one pair at the barber shop in the possession of witness Ollie Warren, and that I had sold another pair to witness Graham. I did not know witness Graham's name at that time. I only knew him as 'Dad' and I told them I had sold them to 'Dad' but that I did not know where he lived nor where he worked. But I told them all I knew about him and where I got the shoes. I bought them from Harold Miller and sold them to witness Graham and Warren, when I found they would not fit my sister. I did not know anything about the shoes having been stolen and did not know they were stolen shoes; all I knew about them was that Miller told me about buying them from a white man for his sister and that they would not fit and he sold them to me in my room at 9 a. m. on the day I sold them to Graham and Warren." Further testifying, he says: "I went to tell the officers what I knew about them after I had seen Miller arrested and I heard the officers were looking for me. I told them all I could as to where they could find the shoes I got. I have never been arrested charged with theft. . . . I saw Miller arrested. I did not know why he was arrested until after I went to the city hall and saw the officers and then I heard of it."

The question is raised, in connection with other testimony, that these matters were called to the attention of the officers, and it was known at the time of and before the complaint was filed that the property had been in the hands of Harold Miller and transferred to appellant; at least this evidence goes to prove that condition of affairs. If the State knew at the time of taking the complaint, or had reasonable grounds for so believing, it should have charged appellant with receiving the property from Harold Miller. If there was an issue as to whether they knew or not, then two counts could have been inserted, one for receiving the goods from some person unknown, and the other from Harold Miller. The authorities all seem to bear out the above statement as the law. See cases collated by Mr. Branch in his Ann. P. C., p. 1367.

There is another serious question presented by the complaint as we understand its reading and effect. Appellant is charged with having received and concealed certain property, towit: two pair shoes, alleged to be the property of Goodspeed, which had been theretofore acquired by someone unknown to affiant, and in such manner that such acquisition was brought within the term theft. As we understand the complaint it does not charge appellant with receiving the stolen property from anyone. It does charge that he received stolen property and concealed it. It does charge that the property had been stolen, and by someone unknown to affiant, but we do not understand that this complaint charges appellant with receiving the property from the unknown person. It is necessary in charging this offense to allege the name of the party from whom the accused received the property, if known, and if unable to specify the party from whom it was received, then they

may allege that he was unknown. But there must be an allegation either one way or the other, or, if necessary, both, to meet emergencies, that appellant did receive it from somebody. It is not sufficient to simply allege that he received and concealed the stolen property. It must go further and allege that he received it from some party if known, and if not, then from some party unknown. The authorities are fully collated by Mr. Branch in his Ann. P. C., sec. 1367. This has been the subject of a great many decisions. Among the early cases see Jorasco v. State, 6 Texas Crim. App., 238; Jorasco v. State, 8 Texas Crim. App., 540; see also McKay v. State, 49 Texas Crim. Rep., 118; Williams v. State, 69 Texas Crim. Rep., 163, 153 S. W. Rep., 1136. This rule is also laid down and aptly stated by Mr. Branch in his Ann. P. C.:

"If there is nothing in the evidence to suggest that the name of the person from whom defendant received the property was known to the grand jury or that it could have been ascertained by them, proof that the witnesses did not know such name is sufficient to support the allegation that such person was unknown." Yantis v. State, 65 Texas Crim. Rep., 564.

It is also laid down by the same author: "If the evidence makes it apparent that the grand jury knew or could have ascertained by the use of reasonable diligence the name of the person from whom the property was received, a conviction will not be sustained if the allegation is that such person was unknown."

Under article 1349, P. C., the name of the person from whom the defendant received the stolen property must be stated if known. It is also stated by the same author, on page 1365 of his Ann. P. C., that ownership should be alleged as in theft, and the indictment should allege the name of the person from whom the property was received, or should allege that such person is unknown, citing State v. Perkins, 45 Texas, 10; Brothers v. State, 22 Texas Crim. App., 447; McKay v. State, 49 Texas Crim. Rep., 118.

As we understand this information it does not allege, or undertake to allege from whom appellant received the property. This should have been stated.

For these reasons the judgment is reversed and the cause remanded.

*Reversed and remanded.*