## GEORGE MAYO v. THE STATE.

No. 7254.   Decided November· 22, 1922.

**1.—Transportation of Intoxicating Liquor—Medicinal Purposes—Evidence.**

Where, upon trial of unlawfully transporting intoxicating liquor, the defendant testified that he took it home for medicinal purposes, and then offered testimony that he was suffering from rheumatism; that whisky gave him relief; and that by advice of a physician it had been his custom to use whisky as a medicine to counteract the effect of this disease, which the court refused to admit, the same was reversible error. Following Burciago v. State, 228 S. W. Rep., 563.

**2.—Same—Charge of Court—Permit.**

Where the accused was merely charged with the transportation of intoxicating liquor and not with transporting such liquor without a permit or license, the court was not warranted in making his acquittal conditioned upon his possession of a permit or license.

Appeal from ·the District Court of Hunt.   Tried below before the Honorable George B. Hall.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary..

The opinion states the case.

*Clark & Sweeton,* for appellant.—Cited : Ex parte Hopkins, 171 S. W. Rep., 1163; Longmire v. State, 171 id., 1165, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited.: Stringer v. State, 241 S. W. Rep., 159; Crowley v. State, 242 id., 472.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The appellant had several bottles of whisky in his automobile.   He testified that it was not for the purpose of sale but that he was going to take it home for medicinal purposes.   He proffered testimony also that he was suffering from rheumatism and had been for twelve years; that whisky gave him relief when he was suffering with that malady; that under the advice of physicians it had been his custom to use whisky as a medicine to counteract the effects of the disease; that on. the occasion of the arrest he was taking to his home the whisky in question for the purpose of personally using same as a medicine.   We think the court was in error in rejecting this testimony.   Substantially the same question was passed on in favor of the appellant's contention in the case of Burciago v. State, 88 Texas Crim. Rep., 576.

The court instructed the jury, in substance, that although the appellant was transporting whisky for medicinal purposes, there could

be no acquittal unless he had obtained a permit for its transportation. Supporting this charge, the State relies upon Section 2 of Chapter 61, Acts of the Thirty-seventh Legislature 1st Called Session, in which certain sections of Chapter 78 of the Acts of the Thirty-sixth Legislature, 2nd Called Session, were amended, and of which Section 2d reads thus:

"The manufacture, sale, barter, exchange, transportation, exporting, soliciting taking orders for, furnishing and possessing of any of the liquors mentioned in this Chapter, if done for medicinal, mechanical, scientific, or sacramental purposes, and after a permit has been duly authorized and granted by the proper authorities, shall not be punishable under the terms of this Chapter."

The accused was merely charged with the transportation of intoxicating liquor. He was not charged with transporting such liquor without a permit or license to do so, and we think under the facts of the instant case the court was not warranted in making his acquittal of the offense for which was on trial conditioned upon his possession of a permit or license. If, in fact, the intoxicating liquor in his possession was intended solely for his own use for medicinal purposes, and his carrying it with him at the time of his arrest was a necessary incident of his right to use it for medicinal purposes, we believe it was not required by any of the provisions of Chapter 78 of the Acts of the Thirty-sixth Legislature that he should have a permit or license as a condition precedent to his right to carry the liquor to his home for the purposes stated. In the instant case, the appellant was found carying the whisky in his automobile. The burden was upon him to prove that he was carrying it for a lawful purpose. Robert v. State, 90 Texas Crim. Rep., 133, 234 S. W. Rep., 89. It was competent for him to prove that he was carrying it solely for medicinal purposes for his own use. The evidence which was excluded was pertinent to this issue, and it was his right to have the jury determine the truth or falsity of the evidence offered supporting this plea. If they found it true, he was entitled to an acquittal. The charge given deprived him of this right.

Because of the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*