### J. T. WARREN v. THE STATE.

#### No. 7647.    Decided April 18, 1923.

**Transportation of Intoxicating Liquor—Medicinal Purpose.**

Where, upon trial of transportation of intoxicating liquor, defendant testified that he had the liquor for medicinal purposes and had used a tonic for many years composed of certain drugs in liquor for the relief of rheumatism, and submitted a charge upon these facts which the court refused, the same is reversible error. Following Mayo v. State, 245 S. W. Rep., 241, and other cases.

Appeal from the District Court of Bowie. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Johnson & Waters* for appellant.—Cited cases in the opinion.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the unlawful transportation of intoxicating liquor, punishment being assessed at one year's confinement in the penitentiary.

Officers approached the house of appellant early in the morning and saw him in the yard. He apparently discovered them, went in the house but re-appeared almost immediately with something in his arms; the officers saw him go to some hen nests not over ten steps from the door of his house and place something in the nests. They discovered in the nests six pints of whisky. Upon these facts this conviction rests. Appellant testified that he had the liquor for medicinal purposes; that he had been suffering from rheumatism, and had used a tonic for many years composed of certain drugs in liquor for the relief of it. The court declined to present this defensive issue to the jury. Objection to his main charge for omitting the same was presented and a special charge requested. The case falls squarely within the principle announced in Mayo v. State, 92 Texas Crim. Rep., 624, 245 S. W. Rep., 241 and White v. State, 93 Texas Crim. Rep. 332, 247 S. W. Rep., 557. The trial judge may not have given credence to the testimony raising this issue, but it was not for him to determine it. That was the exclusive province of the jury under proper instructions. The state concedes error. It occurs to us that the evidence does not show a violation of the law denouncing the transportation of intoxicating liquor. The undisputed evidence shows that the liquor was not removed from appellant's premises, but was changed from one location to another a distance estimated from five to ten steps.

The judgment's is reversed and the cause remanded.

*Reversed and remanded.*