# JUNE, 1923.

### ANGELO CAVALETTO v. THE STATE.

No. 7721.  Delivered June 26, 1923.

Rehearing denied February 18, 1925.

1.—Transporting Intoxicating Liquors—Evidence—Hearsay—Not Admissible.

Where on a trial for transporting intoxicating liquor, the court refused to permit the wife of appellant to testify that she was taking the liquor home, with her to drink, in order to increase the flow of milk for her baby; that she had been told by a doctor that the drinking of such liquor would so increase her milk, no error is shown.  Such purpose not coming within any of the exceptions laid down in our statute and constitution, permitting the transportation of intoxicating liquor.

2.—Same—What is Intoxicating—Question for the Jury.

The jury is to say whether liquor that has been transported is intoxicating, and where the evidence on that issue is conflicting, as it was in this case, this court will not disturb the finding of the jury.

ON REHEARING.

3.—Same—Rule—Objections to Testimony.—by the State.

Where the grounds of objections interposed by the state, are not set forth in the bill of exception, it is incumbent upon us to presume that every legal objection was made to which said testimony was subject.  This rule arises by virtue of the general duty being upon this court to uphold the action of the trial court, unless its erroneous character is demonstrated by the averments in the bill.  Under this rule the court did not commit error in excluding the testimony of appellant's wife, as to her purpose in transporting the liquor in question.

Appeal from the District Court of Palo Pinto County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty, one year in the penitentiary.

*Ritchie & Ranspot,* Mineral Wells, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Palo Pinto County of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The sufficiency of the indictment herein has been passed upon by us in the case of Kitrell Tucker v. State, No. 7575, opinion this day handed down, on motion for rehearing. The indictment in this case and in the Tucker case are similar in form. We do not discuss the sufficiency of the indictment further than to refer to the Tucker case.

There appears a bill of excceptions in this record to the refusal of the trial court to permit appellant's wife to testify that she was taking the liquor in question home with her to drink in order to increase the flow of milk for her baby; that she had been told by a doctor that the drinking of said liquor would so increase her milk. We do not think such testimony could have any legitimate effect in bringing the transportation of the liquor in question within any of the exceptions laid down in our statute or the Constitution, and that the rejection of the testimony was not error.

There was testimony pro and con as to the intoxicating quality of the liquor which appellant had in his car and for the unlawful transportation of which this conviction was had. Such conflicts in the testimony have been resolved against him by the jury. That appellant transported three dozen bottles of choc beer on a public highway in Palo Pinto county, Texas, seems without dispute in the record.

Finding no error in the record, the judgment will be affirmed.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In this motion appellant complains of our opinion affirming this case upon the proposition that the trial court should have permitted appellant's wife to testify that she was taking the liquor in question home with her to drink in order to increase the flow of her milk for her baby, that she had been told by a doctor that the drinking of said liquor would so increase her milk. This matter appears in bill of exceptions No. 2. Referring to said bill, it complains that when appellant asked his wife, on the witness stand, why she and her husband were taking the choc beer home with

them, and what she expected to do with it, that the State objected to the question and its answer, which objection was sustained by the court, and witness was not permitted to answer. It is stated in the bill that had said witness been permitted to answer, she would have testified that she was taking said beer home with her for the purpose of drinking it herself; that she had been instructed by her physician, Dr. Spratt, to procure said beer and to drink same in order to increase the flow of milk for her suckling child. It will be observed that the grounds of objection interposed by the State are not set forth in the bill, and in such case it is incumbent upon us to presume that every legal objection was made to which said testimony was subject. This rule arises by virtue of the general duty being upon this court to uphold the action of the trial court unless its erroneous character is demonstrated by the averments of the bill. We would therefore be led to conclude that, among other objections possible, the State's attorney objected to the answer upon the ground that it was hearsay. That this objection would have been good to all the latter part of the purported answer, is clear. This witness could not have testified to what had been said to her by Dr. Spratt without violating the rules rejecting hearsay testimony. Appellant insists in his motion that the case falls within the rule laid down in Mayo v. State, 245 S. W. Rep., 241; White v. State, 247 S. W. Rep., 557, and Warren v. State, 250 S. W. Rep., 429. If we understand the principle in those cases it is entirely different from that applicable here. The theory of the appellant, as demonstrated by his testimony and that of all of his witnesses, was that choc beer was not intoxicating. He appears to have made no claim that the liquor was being carried for medicinal purposes. He presented no exception to the charge of the court for its failure to submit that issue, and asked no special charge presenting same.

Being unable to agree with appellant's contention, the motion for rehearing will be overruled.

*Overruled.*