ED. JOHNSON v. THE STATE.

No. 8267. Decided October 8, 1924.

Rehearing overruled November 5, 1924.

1.—Transporting a Still—Indictment—Sufficiency of.

An indictment charging the offense of transporting equipment for making intoxicating liquor, denounced in Chap. 61 Acts of the Thirty-seventh Legislature, First Called Session, is sufficient if it charges that it be "equipment for making such liquor." It is not necessary to charge that the equipment was transported for the purpose of manufacturing liquor.

2.—Same—Evidence—Declarations of Co-defendant under Arrest—Admissible.

Appellant and one Hill were arrested in possession of a still, which they were transporting in a wagon. After their arrest, Hill made certain state-

ments to the officers, in the presence of appellant.   Such declarations so made by Hill, would not be admissible against him if he were on trial  (art. 810 C. C. P.), Hills custody, however, is not available to the appellant to prevent the receipt of the declaration of Hill,. which is otherwise admissible. When part of a conversation is given in evidence by one party, the whole on the same subject may be given by the opposite party, as may also other acts or declarations, necessary to explain that which is given in evidence.   See opinion for collated authorities.

### 3.—Same—Charge of Court—Transporting a Still.

The trial court properly refused a special charge to the effect that the moving of the still from one place to another upon the farm of appellant would not constitute an offense.   This offense can be committed by such moving.   The evidence in this case shows that the moving of the still did not take place wholly on appellant's farm, but that they were conveying the still from some other place.

Appeal from the District Court of Bowie County.   Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction of transporting equipment for making intoxicating liquor; penalty, one year in the State penitentiary.

*Johnson & Waters,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the offense of transporting equipment for making intoxicating liquors; punishment fixed at confinement in the penitentiary for one year.

The evidence was such as authorized the jury to conclude that the appellant and Aaron Hill were carrying a still and other equipment suitable for manufacturing intoxicating liquors towards the premises of the appellant, upon which there was found secreted mash suitable for making corn whisky.

The offense of transporting equipment for making intoxicating liquors is denounced in Chapter 61, Acts of the Thirty-seventh Legislature, First Called Session.   We have failed to find any fault in the indictment rendering it subject to the exceptions.   It is not necessary to charge that the equipment was transported for the purpose of manufacturing liquor.   It was sufficient under the statute to charge that it be "equipment for making such liquors."

Appellant complains of the receipt in evidence of the declaration of Aaron Hill in the absence of the appellant and while both Hill and the appellant were under arrest.   The bill, as qualified, is somewhat confusing.   If we properly comprehend the record, it appears that the witness Smith, in company with Sheriff Richardson, while on their way to arrest a woman, unexpectedly met Ed Johnson and

Aaron Hill; that at the time of the meeting, Johnson and Hill had in their possession a still which they were carrying. The meeting took place about dark in the evening at a point about 300 yards from the house of Johnson and upon his farm. After their arrest, a search-warrant was procured and the premises of Johnson were searched. There was found additional equipment, including mash suitable for the manufacture of whisky. On cross-examination, appellant developed from the witness Smith that at the time of the arrest, it was stated that they had been employed by a white man to haul the still; that the man had agreed to pay Hill five dollars for his services and that Hill had agreed to make an equal division of this compensation with the appellant. Hill seems to have made the statement in the presence of the appellant and also to have said that the white man was down on the creek about 300 yards distant, at the same time asking the officer to go with them and arrest the white man. On re-direct examination the witness Smith testified that "the reason he did not go and look for the white man was that Hill said that there was no white man." This information was imparted by Hill to Smith about twenty minutes after the arrest not in the hearing of the appellant. The trial judge, in explaining the bill, says that in the cross-examination of the witness Smith an effort was made to lead the jury to believe that he had wilfully refrained from making any effort to find the white man who was in the woods and that the testimony complained of was permitted in explanation of the officer's conduct, which was assailed by the cross-examination.

The point made that the appellant and Hill were under arrest is deemed without merit. If Hill was on trial, the confession statute (Art. 810, C. C. P.) might be a protection against the use of his declaration against him. Hill's custody, however, is not available to the appellant to prevent the receipt of the declaration of Hill which is otherwise admissible. The declaration in question seems to have been properly received by reason of Article 811, C. C. P., which declares in substance that when part of a conversation is given in evidence by one party, the whole on the same subject might be given by the opposite party, as may also any other act or declaration necessary to explain that which is given in evidence. See Vernon's Tex. Crim. Stat., Vol. 2, p. 759, and cases collated, including Rainey v. State, 20 Texas Crim. App., 455; Harrison v. State, 20 Texas Crim. App., 387; Smith v. State, 46 Texas Crim. Rep., 267; also Savage v. State, 170 S. W. Rep., 730; Watts v. State, 171 S. W. Rep., 202; Williams v. State, 231 S. W. Rep., 110; Boaz v. State, 231 S. W. Rep., 790.

It is believed that the court committed no error in refusing to instruct the jury that the moving of the still from one place to another upon the farm of the appellant would constitute no offense. It is deemed a misconception in the cases of Warren v. State, 250 S. W.

Rep., 429, and Hill v. State, 256 S. W. Rep., 921, to assume that it is therein declared by this court, as a matter of law, that the statute against transporting equipment would not be violated provided the movement took place on the premises owned by the accused. In Warren's case, supra, the appellant claimed to possess some whisky for medicinal purposes. The court erroneously refused to submit that issue to the jury and upon that ground there was a reversal, though the court said that the evidence in the particular case—the removal of the whisky which the accused lawfully possessed from his dwelling house to his hen-house in the same yard—would not justify the conviction. In Hill's case, supra, the accused walked from his front door to his front gate and gave a friend a drink of whisky out of a bottle which contained about four ounces. Hill's possession of the liquor was lawful, and there was no semblance of evidence of an intent to carry the whisky from one place to another within the meaning of the law. Both of the above are fact cases, and like the present, must be measured by the evidence adduced upon the trial.

At the moment the appellant and his companion were apprehended, they were on Johnson's farm about 300 yards from his house, traveling in the direction of his dwelling. According to the *res gestae* declarations, they were conveying the still for hire from some other point at the instance of a white man. In the statute it is said:

"That it shall be unlawful for any person to * * * transport any equipment for making such (intoxicating) liquors."

The accused is given the privilege of introducing testimony to show that the act was done for one of the purposes permitted by law. See Chap. 61, Acts 37 Leg., 1st Called Session, Secs. 1 and 2b.

In the present record there is found no such testimony but the contrary purpose is indicated. The circumstances suggest that the intent was to carry the still to the home of the appellant where there was mash and other arrangements for making whisky. Moreover, we do not understand that the place from which they started with the still was shown to have been on the appellant's farm. When the transportation, within the meaning of the statute, has begun, the offense is complete even though the destination has not been reached. Lamb v. State, 255 S. W. Rep., 424; Finley v. State, 258 S. W. Rep., 1062; Lee v. State, 255 S. W. Rep., 425; Coburn v. State, 255 S. W. Rep., 613; Black v. State, 255 S. W. Rep., 731.

The evidence is deemed sufficient to sustain the conviction.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

HAWKINS, JUDGE.—We have examined appellant's motion for rehearing, and also re-examined Warren's case, 250 S. W., 429, and

Hill's case, 256 S. W., 921. They do not support the proposition of law contended for here, but are to be understood in the light of the facts before us in those cases. .

The motion for rehearing is overruled.

*Overruled.*