## EUGENIO CASTELLON V. THE STATE.

No. 9632.   Delivered January 13, 1926.

Rehearing denied February 17, 1926.

**1.—Abandonment and Refusal to Support Wife and Child—Evidence— Held, Sufficient.**

Where, on a trial for wife and child abandonment in the county court, the appellant waived a jury and submitted his case to the court, and having been convicted, we are unauthorized in such instances to interfere with the finding of the court thereon, and the judgment is affirmed.

ON REHEARING

**2.—Same—Evidence—Sufficient to Sustain Conviction.**

On rehearing we have again carefully examined the record, and find that the proof established that appellant was an able-bodied man, that he was capable of earning money and did in fact earn money, that he had wilfully refrained from contributing to the support of his wife and child, who were shown to be in destitute and needy circumstances, and his motion for rehearing must be overruled.

Appeal from the County Court of Bexar County for Criminal Cases.   Tried below before the Hon. George C. Clifton, Judge.

Appeal from a conviction for abandoning and failing to support wife and child, penalty a fine of $50.00 and 30 days in jail.

The opinion states the case.

*T. B. Monroe* of San Antonio, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was charged by complaint and information in the County Court of Bexar County for Criminal Cases with abandonment, neglect and refusal to provide for the support and maintenance of his wife and minor child, and was convicted and his punishment assessed at a $50.00 fine and 30 days in jail.

The record discloses that the appellant waived a jury and submitted his case to the county judge, who, after hearing the testimony, assessed the fine and punishment as above stated.

There is only one question in the case for our consideration, and that is the sufficiency of the testimony to warrant a con-

viction. The evidence on this issue was conflicting, and the trial judge who heard the testimony, ruled against the appellant's contention in this particular, and we are unauthorized under the law in such instances to interfere with the findings of the court thereon. Finding no error in the record, the judgment of the trial court is accordingly affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—According to the appellant's testimony, he and his wife separated in December, 1922. She left his home, took her infant and went to that of her father, where she has since resided. In January, 1923, he filed suit for divorce which had never been disposed of. For a while after the suit was filed, he paid alimony to his wife at the rate of five dollars per week for part of the time and three dollars a week for the balance. It seems, however, that this ceased, and that prosecution was established and conviction took place in July, 1924. Since that time, according to the appellant, he had contributed on an average of $1.50 per week in the way of groceries and supplies to his child. Appellant resided with his father, who was a farmer. He also worked for his father, receiving wages averaging from twenty to thirty dollars per month, in addition to his board and lodging. He had incurred some expense on account of medical treatment to one of his ears.

The testimony given by the appellant's wife and her father was such as to warrant the court in concluding that the separation was due to the fault of the appellant in failing to provide for his wife and child; that since July, 1924, he had made no contribution to her support and no real contribution to the support of the child, though he had at intervals of about two weeks, given to the child some candy, sardines, crackers, etc.; that the wife and child were in need of clothing and were dependent for their food and shelter upon the bounty of the father of the wife.

The court was warranted in finding that the appellant was an able-bodied man; that he was capable of earning money and that he did, in fact, earn money; that he had wilfully re-

frained from contributing to the support. of his wife and child. We are not prepared to say that the circumstances were such as to warrant this court in holding that the judgment of conviction is not supported by the evidence. See Matthews v. State, 84 Tex. Crim. Rep. 623; Rausch v. State, 93 Tex. Crim. Rep. 211; Williams v. State, 89 Tex. Crim. Rep. 561; Curd v. State, 86 Tex. Crim. Rep. 553; Wilkerson v. State, 98 Tex. Crim. Rep. 118.

The motion for rehearing is overruled.

*Overruled.*