### WILLIAM (BILL) PATTERSON V. THE STATE.

No. 11551.  Delivered May 2, 1928.

1.—Transporting Intoxicating Liquor—Charge of Court—Defining Term "Transport"—Insufficient.

Where, on a trial for transporting intoxicating liquor, the court charged the jury that "By the term 'transport' as used in this charge is meant to carry from one place to another, regardless of the distance carried," such definition under the peculiar facts of this case was probably misleading. The approved definition of the word "transport" is: "The carrying or conveying from one place, locality or country to another." See Lee v. State, 95 Tex. Crim. Rep. 654, and Benson v. State, 95 Tex. Crim. Rep. 311.

2.—Same—Charge of Court—On Defensive Issue—Erroneously Omitted.

The accused is always entitled to an affirmative presentation of his defensive theory, where raised by the evidence, and in this case the court should have charged the jury that if they found defendant had only transported the liquor in question a few feet for the purpose of hiding it from the witness he was not guilty of transporting it, and to acquit him. See Modica v. State, 285 S. W. 823.

Appeal from the District Court of Hopkins County.  Tried below before the Hon. Grover Sellers, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one and one-half years in the penitentiary.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant.  On the meaning of "transport" appellant cites:  Hill v. State, 256 S. W., no page cited, and Warren v. State, 250 S. W. 429.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense the unlawful transportation of intoxicating liquor, penalty one and a half years in the penitentiary.

Three boys were around a pool of water when appellant rode up on a horse. In replying to his inquiry they told him they were hunting jack-rabbits. He rode back up the branch about fifty yards and testified he found a jar of whiskey. The three boys came up and drank some of it. One of them testified he rode off with it. Appellant testified that he went a few feet over to the edge of the water and secretly dropped it in the water on the opposite side of the boys so they could not see him and that he did not go away with it.

Appellant correctly contends that under his evidence he was not guilty of the transportation of intoxicating liquor and that his evidence raised an issue which should have been affirmatively submitted to the jury. The court in his third paragraph used the following language:

"By the term 'transport' as used in this charge is meant to carry from one place to another regardless of the distance carried."

He nowhere charged the jury to acquit if the jury believed or had a reasonable doubt that appellant only carried the whiskey a few feet to secret it from the boys present. The definition given by the court was under the peculiar facts of this case probably misleading. The approved definition of the word "transport" is: "The carrying or conveying from one place, locality or country to another." Lee v. State, 95 Tex. Crim. Rep. 654; Benson v. State, 95 Tex. Crim. Rep. 311. If the appellant only transported the liquor in question a few feet for the purpose of hiding it from the witnesses, he was not guilty of transporting intoxicating liquor. The accused is always entitled to an affirmative presentation of his defensive theory when raised by the evidence. Modica v. State, 285 S. W. 823, and authorities there cited. The error in the failure of the court to do this in the instant case was accentuated by the definition of "transportation" which may have been understood by the jury as authorizing a conviction of appellant under his own evidence, as he admitted carrying the whiskey a few feet. The distance transported, while usually not controlling, may or may not be important according to the other facts in evidence. This is illustrated by the cases of McGee v. State, 103 Tex. Crim. Rep. 654, and Warren v. State, 94 Tex. Crim. Rep. 243. On another trial transportation should be defined, if at all, in the language approved by this court. In addition, the court should affirmatively give in charge the defense of appellant as raised by his evidence.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.