## JONES v. STATE.  (No. 11425.)

Court of Criminal Appeals of Texas.  Nov. 7, 1928.

Aynesworth & Lackey, of . Stinnett, and Black & Graves and Robert M. Turpin, all of Austin, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J.  Offense, the unlawful possession for the purpose of sale of intoxicating liquor; penalty, one year.

The testimony of the officers showed that they went into a building occupied by appellant, and there saw appellant and another sitting at a table with a bottle of whisky before them. One of the officers testified:

"I will swear that that is a quart bottle of whisky and a quart of whisky. * * * It may be a short quart and it may be a long quart; I don't know. * * * I would not tell the jury which this is. * * * It might be either one."

The court charged the jury in part:

"Our law provides that proof of the possession of more than one quart of intoxicating liquors shall be prima facie evidence of guilt."

Giving effect to all the evidence found in the record, it seems clearly to raise an issue as to the fact, if it does not establish it, that appellant was not in possession of more than a quart of intoxicating liquor. In this state of the record the quoted charge "that proof of possession of more than one quart of intoxicating liquors" is an indication from the court to the jury that the state has made such proof, and appears to be upon the weight of the evidence. No such objection, however, was made to said charge. Appellant's contention is in substance that the converse of the state's theory should have been submitted, viz. that, unless the evidence showed possession of more than a quart of intoxicating liquor, no presumption of guilt arose from its mere possession. This theory is embodied in special charge No. 8, which was refused. The state had abundant evidence of other transactions showing that appellant's possession of the liquor in question was for the purpose of sale, and it was entirely unnecessary to give the quoted charge; but since the state stood upon this transaction, and the court gave the charge mentioned, he should have gone further and submitted the matter defensively. Where a fact is in dispute, the court ought not to give any intimation that the state's theory is proven, and such error is accentuated by a refusal to submit the defendant's theory as raised by the evidence. Article 658, C. C. P.; Gibbs v. State, 1 Tex. App. 13; Kirk v. State, 35 Tex. Cr. R. 224, 32 S. W. 1045; Vernon's C. C. P., vol. 2, p. 221, for full collation of authorities. See, also, Patterson v. State (Tex. Cr. App.) 5 S.W.(2d) 993.

Other errors are alleged, but, if they can be regarded as such, we are of the opinion they worked no injury to appellant, and are not discussed.

Because of failure to give said charge, the judgment is reversed, and cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.