### DEWEY MILLER v. THE STATE.

No. 12937. ·Delivered May 7, 1930.
Reported in 27 S. W. (2d) 803.

The opinion states the case.

*Sullivan & Sullivan* of Big Spring, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Transporting intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of one year. The amendment of the caption warrants the consideration of the record on its merits.

In a building there was situated Culp's Garage, in the back of which was a repair department in charge of Arch Kemp. On the 9th of January the appellant was in charge of the garage as agent of Culp, the owner. On the night of that day Slaughter, the sheriff, was admitted into the garage by Kemp. Slaughter gave testimony for the State, the substance of which is as follows: Kemp prized up

the lid of a Ford coupe which was in the garage and found some whisky in bottles wrapped in papers which apparently looked like whisky. Kemp had previously told Slaughter that there was whisky in the car. While Slaughter was in the building the appellant walked from the front in the direction of the car and took two bottles of whisky out of it. The car had been placed in the garage in the evening of the 9th of January by the witness Lemmons, a deputy sheriff, who testified that he got the whisky in Glasscock County; that it was contraband and that he was bringing it to Big Spring in order to find the owner of the car. In parking the car in the garage it was taken charge of by a Mexican boy. Slaughter testified that the appellant, after putting two bottles in his pocket went on back towards the front and went on outside. In a few minutes he came back, turned on the light in the front part and said: "Hey, boy, come out from behind that car. * * * Say, what are you trying to do, steal my whisky?" It was then, according to the sheriff, that he approached and arrested the appellant. In his cross-examination the sheriff said:

"I did testify on direct examination that he walked some 30 or 40 feet before I took charge of it. Yes, he walked up in the front part of this garage, in the store department, and then came back down there. I did not have any trouble in getting the whisky off of him."

The appellant testified:

"And I went back to this car to get it and I saw the lid was not locked. It was about that much that was not pushed down (indicating) and I knew somebody had been in it since I had gone, and really I thought I heard some one back there in the garage, stepping on some tin, and I was sort of scared to investigate right then, myself, and I didn't go back and look, and when I went back to the front and was looking up the pump, * * * I just had a presence of mind that there was somebody back there. I reached up and turned on the floodlights and I went back there and called, and I could see some fellow looking at me through the glass. * * * I said: 'Are you stealing that whisky back there?' ".

Appellant took from the car two pint bottles of whisky and put them in his pocket, intending as he claimed to take them to his home for medicinal use by his wife who was sick with influenza.

The court instructed the jury that by the word "transportation" is meant to carry or convey from one place or locality to another; that it was necessary merely that the journey begin, and in the

present case, it was sufficient if the accused had the whisky in his actual possession and was on his way to a given destination. To the paragraph of the charge mentioned exception was reserved, as was likewise an exception to the failure of the court to instruct the jury that though the accused had two pints of whisky upon his person he would not be guilty if he did not carry it off the premises under his control, it appearing from the evidence that the premises was a garage of which he had charge. A special charge presenting the same point as that last above mentioned was presented by the appellant and refused by the court, to which action exception was also reserved.

The appellant's theory arising from the evidence, both his own and that of the State, that he had not left the building after taking possession of the liquor, we think, should have been submitted to the jury. Especially is this believed to be correct when considered in the light of the charge of the court giving a very general definition of the term "transportation" coupled with the application thereof as set forth above. The term "transportation" has been defined as to carry or convey from one place to another, and that, for ordinary purposes, is a sufficient definition. It is broad and general, however, and in the absence of qualifying words may, in a given case, be misleading. Attention is drawn to this in Patterson's case, 109 Tex. Cr. R. 521. The locality of the liquor in the back of the car was a place; the service part of the building was a place; the garage was a place; the appellant's home was a place; the town in which he lived was a place; and as the circumstances are stated in the testimony of the accused, he had not left, nor started to leave, the building where the liquor was located, which building was under his control, though admittedly he had carried the liquor from the place where the car was situated to the front of the building where he attended to matters about the garage and turned on the light. The jury may, under the instruction before them, have concluded that conceding the truth of his testimony concerning his movements in the garage he was guilty of transporting intoxicating liquor,—a conclusion which is not deemed sound in law, but on the contrary is in conflict with the principle announced in a number of decisions rendered by this court construing the statute upon which the appellant is prosecuted. Mention may be made of Hill v. State, 96 Tex. Cr. R. 165; Warren v. State, 94 Tex. Cr. R. 243; West v. State, 93 Tex. Cr. R. 370; Davis v. State, 99 Tex. Cr. R. 349; Patterson v. State, supra. The conviction is not

founded on any supposed guilty connection of the appellant with bringing the liquor to the garage but is based upon his conduct with reference to the two pints of whisky after having taken them from the car.

Appellant called the witness Kemp, who surprised him by giving adverse testimony. Kemp was impeached by contradictory statements. In refusing to sanction his impeachment by showing a bad reputation for truth and veracity the court's action was supported by the statute. See Art. 732, C. C. P.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*