WILL SCOTT v. THE STATE.

No. 14253.   Delivered May 27, 1931.
Rehearing Denied June 27, 1931.

The opinion states the case.

*Minton & Minton,* of Hemphill, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, two years in the penitentiary.

Officers went to a place where they observed a car sitting out in the street in front of the place where appellant stayed. Appellant was observed coming down the steps and going out of the gate toward said car. After getting outside the gate and before reaching the car he was stopped by the officers. He had two bottles of home brew in his hand. The officers testified that the home brew was intoxicating liquor.

The chief complaint seems directed at the proposition that appellant was not shown by such facts to have been guilty of transporting intoxicating liquor. Under the authorities below referred to we are unable to agree with the contention. See Johnson v. State, 98 Texas Crim. Rep., 268; Black v. State, 96 Texas Crim. Rep., 56; Lee v. State, 95 Texas Crim. Rep., 654; Lamb v. State, 95 Texas Crim. Rep., 457.

Appellant complains of the refusal of a special charge in which he sought to have the jury told that he could not be convicted if he had not transported the liquor off his own premises. We think the charge inap-

propriate and properly refused. One going from his house with intoxicating liquor in his possession, passing through the yard and out the gate toward a waiting car, would be within the scope of many authorities holding that one who has begun a journey in which he is transporting intoxicating liquor, would be guilty of a violation of the law, even though at the time of his arrest he had not yet reached a public road or gotten off his own premises. The case is different from those in which the accused was merely moving liquor from one part of the yard to another or one part of his house to another.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant is under the impression that if the transportation of intoxicating liquor is confined to one's own premises it cannot be a violation of the law. In support of this contention he relies, among other cases, on Hill v. State, 96 Texas Crim. Rep., 165, 256 S. W., 921; Warren v. State, 94 Texas Crim. Rep., 243, 250 S. W., 429; Miller v. State, 27 S. W. (2d) 803. In all of the cases cited by appellant the facts negatived the idea that the transportation was to extend beyond the premises of accused. It was never the intention of this court to lay down the principle that if the transportation was confined to the premises of the party charged therewith he could in no event be guilty. It must depend on the facts of each particular case. In Johnson's case, 98 Texas Crim. Rep., 268, 265 S. W., 588, a still was being transported. It was accused's contention that the transportation had all occurred on accused's farm. He had the same idea about the law as the appellant has here. In Johnson's case the court was requested to instruct the jury that moving the still from one place to another on accused's farm would constitute no offense. The charge was refused. The court said:

"It is deemed a misconception in the cases of Warren v. State, 94 Texas Crim. Rep., 243, 250 S. W., 429, and Hill v. State, 96 Texas Crim. Rep., 165, 256 S. W., 921, to assume that it is therein declared by this court as a matter of law that the statute against transporting equipment would not be violated provided the movement took place on the premises owned by the accused."

Later on in the opinion, referring to the two cases just mentioned, the court further said:

"Both of the above are fact cases, and like the present, must be measured by the evidence adduced upon the trial."

The motion for rehearing is overruled.

*Overruled.*