ONA REEVES v. THE STATE.

No. 14643.   Delivered December 23, 1931.
Rehearing Granted March 2, 1932.

The opinion states the case.

*Maurice Short,* of Center, filed a splendid and effective motion for rehearing in which were cited appropriate authorities.

*Minton & Minton,* of Hemphill, were also for the appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, two years in the penitentiary.

Appellant was observed inside his field or pasture, driving a truck, in the back end of which were two barrels. He drove along a fence toward and through a gate which opened from the enclosure upon a public road running some thirty or forty feet from the fence line. As he approached the road and when at some point outside the enclosure, but between the gate and the road, officers in an approaching car called to him. He promptly killed his engine, jumped from the truck, ran around same and jerked the two barrels off and overturned them. They contained intoxicating liquor. It seems admitted that the land between the gate and the public road mentioned was part of the premises on which appellant lived, and that while he was going toward the public road he had not yet reached it when he stopped his car. As we understand the record these facts are without dispute. In the well prepared brief by appellant we find authorities cited supporting practically the only contention made, viz: that appellant could not be held guilty of transporting itoxicating liquor because of the fact that he was at no time off his own land. The exact point was passed upon in Scott v. State, 118 Texas Crim. Rep., 322, 40 S. W. (2d) 104, and also in Johnson's case, 98 Texas Crim. Rep., 268, 265 S. W., 588. The authorities cited by appellant have all been examined, and, while sound upon the facts in each, are not deemed applicable here.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have carefully examined the record in the light of the original and supplemental motions for rehearing, and are still of opinion that the evidence showed an illegal transportation of intoxicating liquor; also that the liquor transported was intoxicating. Our attention, however, has been called to the fact that the indictment charged the transportation of spirituous, vinous and malt liquor capable

246

of producing intoxication, and that the proof failed to establish that the "buck" transported by appellant was either a spirituous, vinous or malt liquor. It was shown to be intoxicating, but such proof has been held not to meet an allegation such as here appears. Chaves v. State, 101 Texas Crim. Rep., 367, 275 S. W., 1006; Tolar v. State, 97 Texas Crim. Rep., 145, 260 S. W., 1043; Lloyd v. State, 103 Texas Crim. Rep., 34, 279 S. W., 843; Castellon v. State, 103 Texas Crim. Rep., 121, 280 S. W., 579; Riojas v. State, 102 Texas Crim. Rep., 460, 277 S. W., 696. Hence there appears a fatal variance. If the indictment had simply charged the transportation of liquor capable of producing intoxication, which has often been held a sufficient description, the situation would be different. Having specifically named and described the liquor transported, a failure to meet such allegation by proof makes necessary a reversal of the case.

The motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*

Morrow, P. J., absent.