## BEE STUART V. THE STATE.

No. 16812. Delivered June 13, 1934.
Rehearing Denied October 10, 1934.
Reported in 74 S. W. (2d) 691.

The opinion states the case.

*Jones & Jones,* of Mineola, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Officers observed appellant walking north in the general direction of the town of Mineola. Upon arresting him they found in his possession a quart of whisky. He also had an empty pint bottle which appeared to have contained whisky. Appellant did not testify in his own behalf. His wife testified that shortly prior to the time appellant was arrested she saw two men hide something near her house. She testified, further, that she advised appellant of this fact and he went in the direction of the place she pointed out.

Appellant introduced witnesses whose testimony tended to show that during the time appellant was transporting the whisky he was upon premises rented by him, and that at the time he was arrested he had not passed from said premises. The testimony of the sheriff was to the effect that appellant was walking on the east side of a street, and had traveled some 50 to 75 yards away from his residence and in the general direction of Mineola at the time he was arrested. Appellant presented a requested instruction to the court wherein the jury would have been advised to acquit him if they entertained a reasonable doubt as to whether he transported the whisky on the premises rented by him. This instruction was refused. It is appellant's contention that if he did not go beyond the boundaries of his own premises while he was transporting the whisky he would not be guilty. Under the evidence here, this contention cannot be sustained. We quote the language of Judge Hawkins in the case of Scott v. State, 40 S. W. (2d) 104, as follows:

"Appellant is under the impression that if the transportion of intoxicating liquor is confined to one's own premises it cannot be a violation of the law. In support of this contention, he relies, among other cases, on Hill v. State, 96 Texas Crim. Rep., 165, 256 S. W., 921; Warren v. State, 94 Texas Crim. Rep., 243, 250 S. W., 429; Miller v. State (Texas Crim. App.), 27 S. W. (2d) 803. In all of the cases cited by appellant, the facts negatived the idea that the transportation was to extend beyond the premises of accused. It was never the intention of this court to lay down the principle that if the transportation was confined to the premises of the party charged therewith he could in no event be guilty. It must depend on the facts of each particular case. In Johnson's Case, 98 Texas Crim. Rep., 268, 265 S. W., 588, 589, a still was being transported. It was accused's contention that the transportation had all occurred on accused's farm. He had the same idea about the law as the appellant has here. In Johnson's Case, the court was requested to instruct the jury that moving the still from one place to another on accused's farm would constitute no offense. The charge was refused. This court said: 'It is deemed a misconception in the cases of Warren v. State, 94 Texas Crim. Rep., 243, 250 S. W., 429, and Hill v. State, 96 Texas Crim. Rep., 165, 256 S. W., 921, to assume that it is therein declared by this court, as a matter of law, that the statute against transporting equipment would not be vio-

lated provided the movement took place on the premises owned by the accused.'

"Later on in the opinion, referring to the two cases just mentioned, the court further said: 'Both of the above are fact cases, and, like the present, must be measured by the evidence adduced upon the trial.'"

In the instant case, the facts do not negative the idea that the transportation was to extend beyond the premises of appellant. On the contrary, the evidence is sufficient to support the conclusion that such transportation was to extend beyond appellant's premises to the town of Mineola. Manifestly, the requested instruction, as framed, was inapplicable.

The judgment recites that appellant has been convicted of transporting liquor. The sentence stipulates that appellant is adjudged to be guilty of transporting and possessing liquor. The judgment and sentence are reformed in order that it may be shown that appellant has been adjudged to be guilty of transporting intoxicating liquor.

As reformed, the judgment is affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant's motion for rehearing is based in part upon a claim that we misapprehended the facts. Responding to appellant's request we have again reviewed the evidence, but have discovered nothing which leads us to believe we were in error in our original opinion.

The motion for rehearing is overruled.

*Overruled.*