## DEE RHODES v. THE STATE.

No. 9390.        Delivered November 4, 1925.

**Possessing Equipment and Mash—Indictment—Held Sufficient.**

Where an indictment charging the offense in the language of Sec. 1, Chap. 22, 2nd C. S. 38 Leg. Art. 666 P. C. 1925, same is held sufficient. Following Johnson v. State, 265 S. W., 588. The evidence being sufficient to sustain the conviction the cause is affirmed.

Appeal from the District Court of Polk County. Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction for possessing equipment and mash for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for having in his possession equipment and mash for manufacturing intoxicating liquor, the punishment assessed being one year in the penitentiary.

The indictment is attacked upon the ground that it charges no offense against the law. We have been unable to discover any vice in the indictment. It charges the offense in the language of Sec. 1, Ch. 22, 2d C. S., 38th Leg., (Art. 666 P. C. 1925) and is approved in Johnson v. State, 265 S. W. 588.

We are not in accord with appellant's contention that the evidence will not support the verdict. The officers found the equipment and mash in an enclosure belonging to appellant with a plain path leading from the still to appellant's house and no path leading in any other direction. The officers took appellant with him to where the still was situated. The fire was burning, but the boiler had been pushed off the fire. The mash in the boiler was still sufficiently hot to burn the officer's hands when he poured the mash out. A barrel appeared to have been recently overturned. When the officer started to destroy the barrel appellant asked him not to break up his (appellant's) barrel, and when the officer was about to destroy a tub appellant requested him not to do that, saying the tub belonged to his (appellant's) wife. We have not undertaken to set out all the evidence but the facts before us leave no question but that the jury was justified in reaching the verdict upon which the judgment of conviction is based.

Finding no error in the record the judgment is affirmed.

*Affirmed.*