BAILEY HARRISON V. THE STATE.

No. 9711.   Delivered January 20, 1926.

**1.—Possession of Mash and Still—Search Warrant—Not Necessary.**

Where, on a trial for the possession of mash, a still and equipment for the purpose of manufacturing intoxicating liquor, there was no error in permitting the sheriff to testify to the search and arrest of defendant, without a search warrant. The search took place in December, 1924, the trial in April, 1924, and at the time the case was tried the testimony was admissible. See Welchek v. State, 93 Tex. Crim. Rep. 271.

**2.—Same—Bill of Exception—Qualification of—Practice on Appeal.**

Where appellant complains in a bill of exception to the admission of testimony, and the qualification of the court shows that the testimony complained of was excluded, and the jury instructed not to consider it for any purpose, no error is shown.

**3.—Same—Argument of Counsel—Qualification of Bill—Practice on Appeal.**

Where appellant complains of the argument of counsel for the State, and the court qualifies his bill with the statement that the district attorney was simply presenting his theory as to the conclusions to be drawn from the evidence, and in the light of the infliction of the minimum punishment inflicted, no reversible error is shown.

Appeal from the District Court of Angelina County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for the possession of mash, a still and equipment, for the purpose of manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is unlawful possession of mash, a still and equipments for the purpose of manufacturing intoxicating liquor; the punishment is one year in the penitentiary.

The court correctly overruled appellant's motion to quash the indictment. The indictment follows in substantial form the language of the Statute and was entirely sufficient to describe the offense charged.

Neither was the court in error in permitting the sheriff to testify to the search and arrest of the defendant, notwithstanding the fact that he was not armed with a search warrant at the time. The search took place in December, 1924, and the case was tried in April, 1925. At the time the case was tried the testimony was admissible. Welchek v. State, 93 Tex. Crim. Rep. 271; 247 S. W. 524.

Appellant complains at the court's action in permitting the witness Yancey to testify that in his opinion the articles and material found near to and at the place where defendant was arrested could be put together and would produce intoxicating liquor. The bill shows that the court excluded this testimony and instructed the jury not to consider it for any purpose. We think it clear that under this state of the record reversible error is not shown. Neither do we think the court was in error in refusing to instruct a verdict of not guilty. The case was one depending on circumstantial evidence, but we think that the jury was not without warrant in concluding from the facts and circumstances developed from the state's testimony that the defendant was guilty. The law of the case was properly submitted by the court in his charge and included a charge on circumstantial evidence and we think the complaints of the appellant with reference thereto are without merit.

In his last bill appellant makes complaint at the language used by the district attorney in his closing argument. This bill as explained by the learned trial judge indicates clearly that the district attorney was simply presenting his theory as to the conclusions to be drawn from the testimony introduced on the trial. We think that the argument was not of such inflammatory nature as to justify a reversal of the case and this is especially true in view of the fact that the appellant was given the minimum punishment prescribed by law under facts which we believe thoroughly justified the verdict.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.