## RAPE v. STATE.    (No. 10171.)

(Court of Criminal Appeals of Texas. June 25, 1926. Rehearing Denied Oct 20, 1926.)

1. Criminal law ⬲1184—On appeal, judgment for manufacturing liquor will be reformed to relate to possession of equipment for manufacturing to correspond to verdict and issue submitted to jury.

Where only issue submitted to jury was whether defendant possessed equipment for manufacturing liquor, and verdict was responsive thereto, and sentence recited conviction of possession of equipment for manufacturing such liquor, judgment condemning accused to be guilty of manufacturing intoxicating liquor will be reformed so as to condemn for possession of equipment for manufacture.

On Motion for Rehearing.

2. Indictment and information ⬲125(4).

Indictment for possession of equipment for manufacturing intoxicating liquor, charging possession of several articles, was not defective as charging several felonies in single count.

Appeal from District Court, Morris County; R. T. Wilkinson, Judge.

John Rape was convicted of the possession of equipment for the manufacture of intoxicating liquor, and he appeals. Judgment reformed and affirmed.

I. N. Williams, of Mt. Pleasant, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. [1] Conviction is for possession of equipment for the manufacture of intoxicating liquor. Punishment is assessed at one year in the penitentiary.

The record contains neither bills of exception nor statement of facts. We observe, however, that the judgment as entered condemned appellant to be guilty of the manufacture of intoxicating liquor. The sentence, however, recites that he was convicted of the

possession of equipment for the manufacture of intoxicating liquor. The only issue submitted to the jury was as to whether appellant possessed equipment for the purpose of manufacturing intoxicating liquor, and the verdict of the jury was responsive upon that issue.

The judgment will be reformed, condemning appellant to be guilty of possession of equipment for the manufacture of intoxicating liquor, and, as thus reformed, the judgment is affirmed.

### On Motion for Rehearing.

LATTIMORE, J. [2] The only complaint in the appellant's motion is that we failed to discuss and specifically pass upon his motion to quash the second count in the indictment. Said count charges appellant with having in his possession for the purpose of manufacturing spirituous, vinous, malt, and intoxicating liquors, capable of producing intoxication, certain equipment, to wit, one pot, one thump keg, one flake stand, one worm, and connections used in connecting said equipment. The ground of the motion was that the pleader charged more than one felony in said single count. We do not think so. It is well settled and understood that one may charge an assault upon another with an axe, knife, a pistol, a club, etc, in the same count, and same would not be duplicitous. Manifestly the possession of all of the articles named, at the same time, would constitute but a single criminal act, transaction, and offense. In our opinion the indictment in this case charges but one offense, and is not open to the objection urged.

The motion for rehearing will be overruled.