## JAMES RICE V. THE STATE.

### No. 10214.   Delivered Dec. 15, 1926.

### Rehearing denied June 24, 1927.

**1.—Possessing a Still, Etc.—Evidence—Sufficiency Of—Rule Stated.**

Where, on a trial for possessing a still, etc. for manufacturing intoxicating liquor, it is sufficient for the state to prove appellant was found in possession of a complete still, or of equipment less than a complete still, which the jury believe is possessed for manufacturing intoxicating liquor. See Art. 666, P. C. 1925; Thomas v. State, 89 Tex. Crim. Rep. 106, and Banks v. State, 88 Tex. Crim. Rep. 380.

**2.—Same—Indictment—Held Sufficient.**

Where the indictment charged that appellant "did then and there unlawfully possess a certain still, and equipment for the purpose of manufacturing spiritous, vinous and malt liquors, capable of producing intoxication," same was sufficient.

**3.—Same—Continuance—No Diligence Shown—Properly Refused.**

Where appellant was indicted on the 23rd day of December and his case set for trial on Dec. 31st, his application for a continuance on account of absent witnesses for whom no process was issued until the day of the trial, was properly refused.

**4.—Same—Misconduct of Jury—Not Shown.**

The mere discussion of the case and expression of individual opinions of the jury does not constitute misconduct. Such discussions are absolutely necessary for the jury to reach an agreement.

5.—Same—Continuance—No Sufficient Diligence Shown.

Where appellant complains of the refusal of a continuance on account of not having sufficient time in which to take the depositions of an absent witness, but fails to show any effort to secure such depositions during the time that he could have directed such efforts, he was not entitled to the continuance. See Hornsby v. State, 91 Tex. Crim. Rep. 167.

Appeal from the District Court of Rains County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for possessing a still and equipment for the manufacture of intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*H. D. Garrett* of Emory, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Rains County for possessing a still and equipment for the manufacture of intoxicating liquor, punishment two years in the penitentiary.

Appellant was found in possession of two stills, according to the undisputed testimony of the state, one a copper still, the other made of tin; also he had a copper coil or worm and a barrel with four or five gallons of sour meal and a small quantity of beer in it. At his well was a keg capable of holding twelve or fifteen gallons. It was in testimony that by making a hole in this keg and connecting the coil with the still and filling the keg with water, the equipment would be sufficient to make intoxicating liquor. We do not regard it as necessary to make out this offense that the state proved the accused in possession of a still and equipment sufficient to make intoxicating liquor. The statute, Art. 666, 1925 P. C., penalizes any person who possesses equipment, still, etc., for manufacturing any liquor capable of producing intoxication, or any intoxicant whatever, etc. We think it only necessary that the state show beyond a reasonable doubt that the accused was in possession of equipment for manufacturing intoxicating liquor. Art. 671, 1925 P. C. provides that wherever possession, etc., * * * * is made unlawful by law, proof of possession of mash or a still or any device for manufacturing intoxicating liquor, etc., shall be prima facie evidence of guilt; but the defendant shall have the right to introduce evidence showing the legality of such possession.

Under this statute we think it the law that where one is found in possession of a complete still or of equipment less than a complete still which the jury believe is possessed for manufacturing intoxicating liquor, this makes out the prima facie case of guilt. Thomas v. State, 89 Tex. Crim. Rep. 106; Banks v. State, 88 Tex. Crim. Rep. 380. In this case appellant claimed that he had the equipment by virtue of his purchase from one Scott who had been convicted for manufacturing intoxicating liquor and was in the penitentiary at the time of this trial; that he bought it from Scott for the purpose of selling it as junk. The court told the jury in the charge that even though they found appellant was in possession of a still or equipment for the manufacture of intoxicating liquor, yet unless they believed that he had same for the purpose of manufacturing intoxicating liquor, they should acquit him.

We think appellant's complaint directed at the form of the indictment without merit. The indictment charged that appellant "did then and there unlawfully possess certain still and equipment for the manufacture of spirituous, vinous and malt liquors capable of producing intoxication." This is sufficient.

Appellant has a complaint at the refusal of an application for continuance. He was arrested on the 23rd of December, and the case was set down for trial December 31st; no application for process for any of the witnesses was made until the day of trial. This was not sufficient.

There is a bill of exceptions complaining of alleged misconduct of the jury. It is made to appear that on the first ballot the jury agreed that he was guilty, but indulged in some argument as to the penalty. The argument as to whether his children would be better off with or without him and that he might have been making whiskey around there for several years, would not seem to us to amount to the introduction of new evidence. The jury was necessarily compelled to express their individual views in discussing their advocacy of guilty or not guilty or the penalty they think should be assessed. We think no new evidence was brought out in the discussion, and that the matter does not amount to misconduct.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE. — Appellant insists that there was error in refusing to grant his motion for a continuance. From the bill of exceptions it appears that the appellant was indicted on the 22nd Day of December and arrested on the fol-

lowing day, that he was tried on the 31st of December, and that court adjourned on January 2nd.

Appellant avers that there was not sufficient time between the date of his arrest and the time for the expiration of the term of court within which to take the depositions; that Scott was confined at the State Farm at Roseberg. These averments were meagre. The law of diligence did not demand that the appellant do a vain thing nor perform the impossible. See Copeland v. State, 249 S. W. 1049. It did require that he use reasonable diligence. See Art. 543, C. C. P., 1925; also Vernon's Ann. Tex. C. C. P., 1925, Vol. 1, pp. 426, 431 and authorities collated; Jordan v. State, 96 Tex. Crim. Rep. 70; Smith v. State, 97 Tex. Crim. Rep. 6; Payne v. State, 84 Tex. Crim. Rep. 2. The distance and means of communication between Roseberg and the place of trial are not stated. If the appellant had filed the proper affidavit demanded by Art. 741, C. C. P., or had prepared, filed and had served interrogatories upon the prosecuting officer as required by Art. 742, C. C. P., his position in seeking a continuance would certainly have been stronger. So far as the averments of the motion are concerned, such efforts might have resulted in securing the depositions. There were at least eight days intervening within which nothing was done. Five of them would suffice for service if the prosecuting officer did not at an earlier date file cross-interrogatories. A matter quite similar was before the court in Hornsby's case, 91 Tex. Crim. Rep. 167. It was there held in substance that to be in a position to demand a continuance in order to obtain depositions the accused should have availed himself of such means as were at hand, "and if after taking such steps he failed, he would at least have been in a position to insist that he had been diligent in his efforts to obtain the testimony." So, in the present case, the appellant having taken no preliminary steps towards taking the depositions and failing by proof or averments to show that it would not have been practicable to obtain the testimony, the mere averment of conclusion that there was not sufficient time would not warrant this court in declaring that in refusing the continuance and the motion for new trial there was an abuse of discretion by the trial court.

The motion for rehearing is overruled.        *Overruled.*