## Ed Distler v. The State.

No. 11726. ,Delivered June 6, 1928.
Rehearing denied October 17, 1928.
Second rehearing denied October 31, 1928.

The opinion states the case.

*V. L. Shurtleff* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, Judge.—Offense, the unlawful possession of a still for the purpose of manufacturing spirituous liquors capable of producing intoxication; penalty, two years in the penitentiary.

The only point apparently relied on by appellant is the insufficiency of the evidence, it being claimed that the evidence does not show that the still found in possession of appellant was a whiskey still; that same may have been a vinegar, gasoline or chemist's still. The officers found appellant in possession of a still located in a pasture at the end of a tank of water. We quote from the statement of facts:

"The still we found there was a seventy-five gallon copper still, with a square coil about an inch in diameter. It was built square with the squares, I guess, about eighteen inches, down to the cooling tank. There was also two tanks filled with mash and two empty tanks. These tanks would hold about eight or ten barrels each. There were also three or four empty barrels and a five gallon bottle about half full of something or other, whiskey or tailings or something on that order. * * * It was not strong enough to be whiskey, I guess you would call it tailings. It was not sitting under the coil, but was between the still and tank. * * * The defendant was pumping water into the still while we were watching, most of the time. * * * He told the boy to go and get some wood. * * * After we got to the thicket and the boy got the wood, and built a fire, and we saw the smoke, we waited about five minutes after the fire started we got up and run into him. * * * When we made a rush for the still the defendant run and I run after him. I don't know how far I run him, about a quarter of a mile, I guess. * * * When we got to the still we found it was full of mash. * * * It was a complete still. It was a copper still of about seventy-five gallons."

From the record we think it inferable that the still was a whiskey still and that any conclusion that it was of any other character would have been illogical. A jury has a right to avail themselves of knowledge which comes from ordinary human experience and observation. It would be a rather remarkable inference to draw from this testimony that the appellant was making gasoline or vinegar out of mash in a pasture and was so frightened when he was about to be caught that he ran until he gave out. The company of either vinegar or gasoline is not calculated to make them that wild.

Believing the evidence sufficient, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The indictment charges that the appellant:

"* * * did then and there unlawfully possess a still for the purpose of manufacturing spirituous liquors capable of producing intoxication, against the peace and dignity of the State."

In denouncing the offense, the statute declares it to be unlawful to "possess a still for the manufacture of intoxicating liquors or beverages." In attacking the indictment, the appellant contends that the language used by the pleader varies from that of the statute in that in the pleading the culpable act is the purpose for which the still is possessed, and in the statute the culpable act is the possession of a still capable of producing the liquors mentioned. The sufficiency of such an indictment was upheld in Johnson's case, 98 Tex. Crim. Rep. 628, 265 S. W. Rep. 588. The meaning of the language of the indictment is deemed in substance the same as that in the statute. The evidence in the instant case is deemed sufficient to support the conviction.

The motion for rehearing is overruled.

*Overruled.*

ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant complains that both in the original opinion and in the opinion on rehearing we overlooked the point raised that the court failed to charge on circumstantial evidence. It does not occur to us that the case is one of circumstantial evidence.

Request to file second motion for rehearing is denied.

*Denied.*