W. J. CARTER v. THE STATE.

No. 13519.   Delivered June 26, 1930.
Rehearing denied October 22, 1930.
Reported in 31 S. W. (2d) 635.

The opinion states the case.

*F. L. Kuykendall* of Albany, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing mash and equipment for manufacturing intoxicating liquor, punishment being one year in the penitentiary.

Officers had received information which caused them to be watching a vacant house. One Holder was seen near the house where he picked up a piece of tin or sheet iron and went with it into the brush not far away. An officer followed to a point from which could be heard "talking, mumbling and hammering on something." Appellant was seen to be working around a still as if adjusting a burner. When the officers made their presence known Holder and appellant were at the still in which some mash had been placed, a fire started under it from a gasoline or kerosene burner, and the mash was just beginning to get warm. When the officers came up appellant said: "Well, by G—, you got this much, I just as well show you the rest;" whereupon he led the officers to a barrel of mash some 15 or 20 steps away. The barrel was not entirely full, part of the mash having been placed in the kettle.

Appellant made application for continuance to secure the attendance of witnesses by some of whom he expected to prove that the equipment was not sufficient to make whisky, and by others to prove that appellant did not own or possess the still and mash, but that Holder was the owner. The refusal of the continuance will avail appellant nothing. If the witnesses had been present and testified as expected it would have presented no defense as under the undisputed facts appellant was assisting in an attempt to manufacture

whisky. He was a principal in the possession of the equipment and mash whether he owned it or not. Van Zandt v. State, 5 S. W. (2d) 771; Spero, et al. v. State, 5 S. W. (2d) 145. The adequacy of the equipment, under the circumstances, seems also unimportant. Rice v. State, 107 Tex. Cr. R. 281, 296 S. W. 518. Unquestionably the possession of the mash and equipment was for the purpose of making whisky.

Several other bills of exception are in the record. They relate to evidence which was admitted over objection. All of the evidence so objected to was admissible as res gestae of the very offense being prosecuted.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In our original opinion we held that the presence of the testimony stated as expected, in the application for a continuance, if same had been present, would have been of no avail under the facts. The testimony was ample to show that appellant and another were present at a still, the boiler of which was full of mash, and under which boiler was a fire burning. The complete apparatus was present. The fact that the process of cooking had not reached the point where there could be any need for the connecting up of the coil, which coil was on hand but unconnected, would not seem in any way to make the equipment insufficient for the purpose intended. We might add, which was not discussed in the original opinion, that the diligence to secure the testimony of the absent witnesses, was not sufficient. In a case where the indictment had been returned some time, the asking for a subpoena on the day before trial, for witnesses who are absent, would hardly measure up to the rules of diligence.

The motion for rehearing will be overruled.

*Overruled.*

HAWKINS, J., absent.