NOBLE ROBERTS v. THE STATE.

No. 16140.   Delivered November 22, 1933.
Appeal Reinstated January 3, 1934.
Reported in 67 S. W. (2d) 283.

102

The opinion states the case.

*Callaway & Callaway,* of Brownwood, for appellant.

*Early & Johnson,* of Brownwood, for appellant on motion for reinstatement or rehearing.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing still and equipment for manufacturing intoxicating liquor; punishment, three years in the penitentiary.

This court is without jurisdiction to pass upon the merits of the case for two reasons. (a) The transcript before us shows no judgment of conviction. On page 10 of the transcript appears an instrument called a judgment, which recites that the case was called for trial, that appellant pleaded not guilty, that a jury was impanneled, and returned a verdict which is set out, but there the purported judgment stops. It does not recite what judgment, if any, was entered on the verdict. (b) Appellant did not enter into recognizance during the term, but sought enlargement pending appeal by executing an appeal bond which recites that he "stands charged" with the offense

of possessing still, etc., for manufacturing intoxicating liquor. There is no recital in the bond that he had been convicted of a felony, except inferentially. The bond does not comply with the provisions of articles 817 and 818, C. C. P., regarding the requirements of bail pending appeal. See Scisson v. State, 51 S. W. (2d) 703, and cases therein noted.

The appeal is dismissed.

*Dismissed.*

ON MOTION TO REINSTATE APPEAL.

HAWKINS, JUDGE.—It now appears from a supplemental transcript that the defects causing the dismissal of the appeal resulted from incorrect copying in the transcript of the judgment and appeal bond. As they now appear in the supplemental transcript no defects are shown. The appeal will be reinstated and the case considered on its merits.

The indictment under which appellant was convicted charged that he unlawfully possessed a "certain still, mash, material, equipment, and supplies for the manufacture of liquor capable of producing intoxication." No motion to quash the indictment was presented. After conviction, by motion in arrest of judgment the indictment was attacked as being "void" upon the claim that it charged more than one felony in the same count. Similar indictments have been sustained in the following cases: Adams v. State, 105 Texas Crim. Rep., 175, 287 S. W., 499; Harrison v. State, 103 Texas Crim. Rep., 21, 279 S. W., 455; Rhodes v. State, 102 Texas Crim. Rep., 36; Rice v. State, 107 Texas Crim. Rep., 281, 296 S. W., 518; Rape v. State, 286 S. W., 1090. If there was any merit in appellant's attack by motion in arrest it did not show an invalid indictment. If it had charged more than one felony in the same count it would have been subject to criticism for duplicity, but it was too late to raise the question for the first time in motion to arrest judgment. The point must be raised *in limine* by motion to quash. Melley v. State, 93 Texas Crim. Rep., 522, 248 S. W., 367; Pape v. State, 117 Texas Crim. Rep., 13, 35 S. W. (2d) 412.

The facts may be briefly stated as follows: Officers discovered appellant and one Fitzpatrick digging a hole or pit, which was about two or two and a half feet wide, about three feet long and eighteen or twenty inches deep. One of the parties had a pick in his hand. Near this point were also found three fifty-gallon barrels of mash which was about ready to be "cooked off." In a creek near the barrels was found a fifty-gallon metal drum or barrel and some iron pipes lying on the

ground between the barrels and the creek. There was an issue as to whether the metal drum could be used as a still for cooking the mash, some of the officers claiming that it could be so arranged to be used for that purpose. It was appellant's contention that while hunting squirrels they had discovered the barrels of mash several days before the time they were arrested and that they had been watching it for about a week, and on the occasion of the arrest had decided to try to cook some of it off and try to make some whisky. They disclaimed having any still for this purpose, but explained that they were digging the pit, hoping to be able to find the still, or get one from somewhere else.

No bills of exception appear in the record. The only matter which can be considered is the refusal of some special charges which were requested by appellant. The court in his main charge instructed the jury that if appellant or his compainions found the mash in question and intended to "cook off" or manufacture whisky from the same in the event they could find the still and other necessary equipment, but had not found the still and had not taken actual possession of the mash they should acquit appellant. Special Charge No. 3, which was refused by the court, is practically in the same language as that given in the main charge and there was no necessity to repeat the instruction. Special Charge No. 1, which was refused, was also covered in the main charge. Special Charge No. 2 seems not applicable under the facts and also appears to be a charge upon the weight of the evidence. It was properly refused. Special Charge No. 4 was a request for an instruction upon circumstantial evidence. We are not impressed with the idea that the case was one depending for conviction upon that character of testimony.

Finding no error upon which a reversal can be predicated, the judgment is affirmed.

*Affirmed.*