IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————————————————

No. 00-50720

———————————————————————————

DIONICIO A. CRUZ,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

———————————————————————————————————

Appeal from the United States District Court
for the Western District of Texas
(SA-96-CV-155)

———————————————————————————————————

August 8, 2001

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM[*]:

Petitioner-Appellant Dionicio A. Cruz appeals the district court's denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254. We affirm the decision of the district court.

I.

FACTS AND PROCEEDINGS

Cruz was convicted in 1977 of aggravated assault on a peace officer and two counts of attempted capital murder for firing on

---

[*] Pursuant to 5TH Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH Cir. R. 47.5.4.

law enforcement officers who had come to his home to serve a narcotics search warrant, seriously wounding one officer and hitting another's jacket. His state convictions were affirmed on direct appeal by the Fourth Court of Appeals[1] and the Texas Court of Criminal Appeals;[2] two state habeas applications were unsuccessful. Cruz was sentenced to three concurrent fifty-year prison terms and was paroled in 1984.

In 1993, Cruz was convicted on federal drug charges and sentenced to 96 months in federal prison. Based on this conviction, the State of Texas lodged a detainer against Cruz for violation of his parole. While serving his federal sentence, Cruz filed this § 2254 habeas petition attacking his 1977 convictions. Cruz now has been released from federal prison, but parole on his state conviction runs until October 2011.

In his federal habeas corpus petition, Cruz asserts two constitution violations concerning the testimony of police officer Ray Hernandez, who was involved in Cruz's arrest and discovered a balloon containing heroin inside a shampoo bottle in Cruz's

bathroom. Cruz alleges that Hernandez planted the heroin in his home.

While on the witness stand at his trial, the prosecution asked

---

[1] Cruz v. State, 645 S.W.2d 498 (Tex. App. — San Antonio 1982).

[2] Cruz v. State, 770 S.W.2d 778 (Tex. Crim. App. 1984).

Cruz whether he had spoken to Hernandez since his arrest. Cruz testified first that he had not, and then that he could not remember. When called by the prosecutor to rebut Cruz's testimony, Hernandez testified that Cruz approached him twice during pretrial proceedings at the county courthouse approximately six months after the shootout and two years before trial. According to Hernandez, Cruz first asked him whether he was the officer who had discovered heroin in the house, and later said: "You know, we are going to have to take a lot of tests. . . . I'll get you. We'll get you."

Defense counsel objected that Hernandez's testimony, and a written report he made regarding Cruz's statements, had not been disclosed pretrial. The objection was overruled.[3] Cruz then asked to be allowed (1) to present evidence that he had taken (and passed) a polygraph examination, as the prosecution had opened the door by eliciting testimony regarding "tests," and (2) to offer surrebuttal testimony to explain his statements to Hernandez. Cruz stated on the record but outside the presence of the jury that he vaguely recalled the conversation, and that what he meant was that he and Hernandez would have to "take a polygraph test to prove who is telling the truth" about the heroin. Cruz stated that he meant that he would "get" the officer in court. The trial court denied Cruz's requests, and the prosecution referred to the alleged threat

---

[3] Subsequently, the Texas Fourth Court of Appeals ruled that Hernandez's statements should not have been admitted because they were not disclosed to the defense. Cruz v. State, 645 S.W.2d at 503.

twice during closing arguments, using it to portray Cruz as a liar who had threatened Hernandez with bodily harm.

Cruz alleges that these events denied his rights to due process and a fair trial by (1) violating his Sixth Amendment right to testify in his own behalf through surrebuttal testimony, and (2) the prosecution's failure to disclose pretrial Hernandez's testimony concerning Cruz's statements, in violation of <u>Brady v. Maryland</u>[4] and <u>Jackson v. Denno</u>.[5]  The district court denied Cruz's habeas petition, finding that Cruz had merely raised a state evidentiary question, not a constitutional violation.

More than ten days after the district court's judgment, Cruz filed a motion for reconsideration.  The district court again denied the habeas petition, but this time on different grounds.[6] The district court concluded that the state trial court had committed constitutional error by impeding Cruz's right to testify on his own behalf through the surrebuttal testimony.[7]  The court nonetheless denied habeas relief, concluding that the error did not render Cruz's trial fundamentally unfair, because Hernandez's testimony was not central to the case.[8]

---

[4]   373 U.S. 83 (1963).

[5]   378 U.S. 368 (1964).

[6]   <u>Cruz v. Johnson</u>, No. SA-96-CA-155-EP, 2000 WL 33349965 (W.D. Tex. June 19, 2000).

[7]   <u>Id.</u> at *4.

[8]   <u>Id.</u>

4

Cruz was late in filing his notice of appeal, which he filed simultaneously with a motion for extension of time to file his notice of appeal; and the district court granted the motion. The district court granted Cruz a certificate of appealability ("COA") with respect to its decision that his trial was not rendered fundamentally unfair by the trial court's refusal to allow Cruz to explain Hernandez's testimony on surrebuttal. The district court denied COA on all other issues.

## II.

## ANALYSIS

### A. Standard of Review

Cruz filed this petition on February 29, 1996, before the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pre-AEDPA habeas law therefore applies to his § 2254 petition. As Cruz's motion for reconsideration was not timely filed, it must be considered pursuant to Rule 60(b).[9] Denial of a Rule 60(b) motion is reviewed for abuse of discretion.[10]

### B. Constitutional Claim

Raising the issue of our jurisdiction sua sponte, we first note that we have jurisdiction over this § 2254 appeal because Cruz, as a parolee, remains "in custody" for federal habeas

---

[9] Halicki v. La. Casino Cruises, Inc., 151 F.3d 465, 470 (5th Cir. 1998).

[10] Id.

5

purposes.[11]  We further note that, because a releasee is in the legal custody of the Texas Department of Criminal Justice ("TDCJ") Pardons and Paroles Division while he is on parole,[12] TDCJ Director Wayne Scott continues to be the appropriate respondent in this habeas corpus petition.[13]

A criminal defendant has a fundamental constitutional right to testify in his own defense.[14]  We hold that, although under Texas law Cruz could not have discussed whether he took a polygraph test or its results,[15] his Sixth Amendment rights were violated by the trial court's refusal to allow him to explain Hernandez's testimony through surrebuttal.

To determine whether the district court was correct in finding that the constitutional error was harmless, we must review the entire trial record de novo to ascertain that "'the error did not influence the jury,' and that 'the judgment was not substantially

---

[11]  Jones v. Cunningham, 371 U.S. 236, 242-43 (1963).

[12]  Tex. Gov't Code Ann. § 508.143(a) (Vernon 1999).

[13]  See Jones v. Cunningham, 371 U.S. at 242-43.

[14]  Rock v. Arkansas, 483 U.S. 44, 49 (1987); Emery v. Johnson, 139 F.3d 191, 198 (5th Cir. 1997).

[15]  See, e.g., Castillo v. Johnson, 141 F.3d 218, 222 (5th Cir. 1998) (holding that state trial court's exclusion of results of polygraph test based on Texas evidentiary rule that polygraph results are inadmissible did not violate federal constitutional rights).

swayed by the error.'"[16]  We have complied with that mandate, reviewing <u>de</u> <u>novo</u> the entire record, including the complete transcript of the four days of evidence presented in Cruz's trial. As a result of that review, we agree with the district court that the error was harmless:  Ample other evidence was adduced at trial to show that Cruz was guilty of the offenses of which he was convicted —— attempted capital murder and aggravated assault on a peace officer.  The statements that Cruz made to Hernandez more than a year after the shootout cannot be considered central to his conviction.  We do not perceive that they had any substantial effect on the jury or its verdict.

Cruz presented evidence at trial that the plainclothes police officers involved in the raid on his home did not identify themselves as such before they awakened him that morning by banging on his front and back doors and breaking his windows.  Cruz testified that he fired only in fright and self-defense, and stopped shooting immediately when an officer threw his badge into the house in response to Cruz's request for identification.

The jury nonetheless was entitled to believe contradictory testimony from the law enforcement officers involved in the raid that they had announced their identity before Cruz began shooting at them, and that he fired again after looking at the badge.  Two

---

[16]  <u>Lowery v. Collins</u>, 996 F.2d 770, 773 (5th Cir. 1993) (quoting <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 642 (1993) (Stevens, J., concurring)).

officers also testified that they heard a toilet inside the house flush repeatedly during the shooting, which could have led jurors to conclude that Cruz was holding the police at bay with gunfire while his wife, also in the house, attempted to destroy drug evidence. Our careful review of the record does not convince us that the jury was swayed in assessing guilt for the shootout based on Cruz's after-the-fact courthouse comments to Hernandez, or on any alleged vendetta against the police. The twenty-page transcript of the prosecutor's summation includes just over one page of comments on Cruz's courthouse encounter with Hernandez. We do not find that the jury was substantially swayed by this unrebutted evidence. To the contrary, we can "'say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'"[17]

### III.

### CONCLUSION

For the foregoing reasons, the district court's denial of habeas corpus relief is

AFFIRMED.

---

[17] O'Neal v. McAninch, 513 U.S. 432, 437-38 (1995) (quoting Kotteakos v. United States, 328 U.S. 750, 764-65 (1946)).